IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50949
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ISMAEL MUNOZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-96-CR-299-1)
_____

September 4, 1997

Before KING, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ismael Munoz argues that the district court clearly erred in determining the quantity of drugs attributable to Munoz for sentencing purposes. Munoz negotiated to sell about 1000 pounds of marijuana to undercover agents and was arrested after he delivered the first installment of 146 pounds. He was convicted and sentenced for possession of the 146 pounds and conspiracy to possess with intent to distribute 1000 pounds. Munoz argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he should not have been held accountable for 1000 pounds of marijuana because he did not have the capacity to acquire that amount of drugs and that his statements that he could obtain 1000 pounds were merely "puffery." He argues that this fact was corroborated by the trial testimony of his coconspirator. The district court found, however, that "there was sufficient evidence to support the indictment theory that the defendant conspired to deal with some 800 to 1,000 pounds of marijuana, at least."

The district court's finding concerning the quantity of drugs attributable to the defendant is a factual finding reviewed for clear error. *United States v. Vine*, 62 F.3d 107, 109 (5th Cir. 1995). The application notes to the applicable portion of the Sentencing Guidelines provide that the agreed-upon quantity is generally to be used in determining the offense level, except if

> the *defendant establishes* that he or she did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the *defendant establishes* that he or she did not intend to provide or was not reasonably capable of providing.

U.S. SENTENCING GUIDELINES MANUAL § 2D2.1 application note 12 (1995) (emphasis added). Application note 12 was amended in 1995 to clarify that the defendant has the burden of proving any amount

2

that should be excluded from the calculation of the offense level.  *See id.* app. C, amend. 518.

We have reviewed the record, including the testimony of Munoz's coconspirator, the presentence report, and the briefs of the parties, and affirm the district court's determination of the quantity of drugs attributable to Munoz.  The testimony of Munoz's coconspirator, as well as the other evidence presented at trial and in the presentence report, reflect that Munoz was reasonably capable of selling the undercover agent 1000 pounds of marijuana, albeit "little by little."  That he was arrested with only 146 pounds and that he intended to acquire the full amount in small increments does not establish that he was not reasonably capable of providing the 1000 pounds.  *See id.* at 110 ("The fact that Vine failed in supplying the chemicals necessary to produce 12 pounds [of methamphetamine] is not evidence that Vine did not intend to supply the needed chemicals or that he would not be able to do so in the near future.").  Therefore, Munoz did not meet his burden of establishing that he was not reasonably capable of providing 1000 pounds of marijuana, and the district court did not clearly err in basing Munoz's offense level on that amount of controlled substance.

AFFIRMED.